Dallin B. Holt (AZ Bar No. 037419)
Frazier Law PLLC
7702 E. Doubletree Ranch Road, Suite 300
Scottsdale, AZ 85258
Tel: (480) 691-0975
Email: dholt@frazierlawpllc.net
*Attorney for Plaintiff and the Putative Class*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Jason Crews, individually and on behalf of all others similarly situated,<br>Plaintiff,<br>v.<br>Grebin Agency Inc., an Arizona corporation,<br>Defendant. | Case No.: ______________________<br>**CLASS ACTION COMPLAINT FOR VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT**<br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

1. Plaintiff JASON CREWS ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant GREBIN AGENCY INC. ("Defendant") to stop its illegal practice of sending telemarketing text messages to the telephones of consumers whose phone numbers are registered on the federal Do Not Call Registry, and to obtain redress for all persons injured by its conduct.

## NATURE OF THE ACTION

2. Defendant Grebin Agency Inc. is a Farmers Insurance agency located in Scottsdale, Arizona. As part of its marketing efforts, Defendant, by itself and

through telemarketing vendors acting on its behalf, sent unsolicited telemarketing text messages to consumers whose telephone numbers appear on the National Do Not Call Registry, without those consumers' prior express invitation or permission and without any established business relationship.

3. Defendant had not obtained consent prior to sending these text messages and therefore is in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. The TCPA is a remedial statute enacted to protect consumers from unwanted telephone calls and text messages, passed in response to widespread complaints about increased telemarketing. *See* S. Rep. 102-178, at 1, 5 (1991).

5. Congress enacted the TCPA in 1991 to restrict telemarketing that could target millions of consumers *en masse*. Congress found that such communications were not only a nuisance and an invasion of privacy to individual consumers but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2–3 (1991).

6. By sending the text messages at issue, Defendant violated the privacy and statutory rights of Plaintiff and the Class.

7. Plaintiff therefore seeks an injunction requiring Defendant to cease its illegal text messaging, as well as an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees.

## **PARTIES**

8. Plaintiff Jason Crews is a natural person and resident of Gilbert, Arizona 85233.

9. Defendant Grebin Agency Inc. is an Arizona corporation that does business as the John Grebin Agency, a Farmers Insurance agency, with its principal place of business at 6609 N. Scottsdale Rd., Suite 105, Scottsdale, Arizona 85250, and whose registered agent is John M. Grebin.

## **JURISDICTION AND VENUE**

10. This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute. Federal and state courts have concurrent jurisdiction over private actions arising under the TCPA. The statute's permissive reference to an action brought "in an appropriate court of that State" does not make state-court jurisdiction exclusive or oust the federal courts of their jurisdiction under 28 U.S.C. § 1331. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 380–81 (2012) (construing the materially identical language of 47 U.S.C. § 227(b)(3)).

11. This Court has personal jurisdiction over Defendant because Defendant is located in and conducts business in the State of Arizona, and the telemarketing text messages at issue were directed to Arizona residents, including Plaintiff, who resides in Maricopa County, Arizona.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because Defendant resides in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## DIVISIONAL ASSIGNMENT

13. Pursuant to LRCiv 77.1(a) and (c), this action is properly assigned to the Phoenix Division because Maricopa County lies within the Phoenix Division and Plaintiff's causes of action arose in that Division.

## COMMON FACTUAL ALLEGATIONS

14. Defendant Grebin Agency Inc. is a Farmers Insurance agency that markets and sells insurance products and services to consumers in Arizona and elsewhere.

15. To generate new business, Defendant, by itself and through telemarketing vendors acting on its behalf, sent unsolicited telemarketing text messages to consumers who had not given prior express invitation or permission to receive such messages.

16. Defendant sent these text messages to consumers whose telephone numbers were registered on the National Do Not Call Registry, in violation of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2).

17. Defendant did not obtain prior express invitation or permission from, and had no established business relationship with, Plaintiff or the members of the Class before sending the text messages at issue.

18. Defendant did not institute procedures for maintaining a list of persons who request not to receive telemarketing calls or messages made by or on behalf of Defendant, did not maintain a written policy for such a list available upon demand, and did not train the personnel engaged in its telemarketing on the existence and use of any such list.

## FACTS SPECIFIC TO PLAINTIFF JASON CREWS

19. Plaintiff Jason Crews is the subscriber and regular user of telephone number (602) 295-1875 (the "Number"), which is assigned to a cellular telephone that Plaintiff uses for personal, residential, and household purposes. Plaintiff has been the subscriber of, and has continuously used, the Number at all times relevant to this Complaint. The Number is not a business line, and Plaintiff is a residential telephone subscriber with respect to the Number.

20. Plaintiff registered the Number on the National Do Not Call Registry on November 7, 2006, and that registration has remained continuously in effect at all times relevant to this action. Plaintiff has been the subscriber and regular user of the Number continuously since at least November 7, 2006.

21. Plaintiff had no prior business relationship with Defendant, had never requested information or a quote from Defendant, had never transacted with Defendant, and had never provided his telephone number, prior express invitation or permission, or any form of consent to Defendant. No established business relationship existed between Plaintiff and Defendant. No person named "Ronald" has been the subscriber or regular user of the Number at any time during Plaintiff's possession of it, and Defendant never prepared or provided any insurance quote to Plaintiff before August 14, 2025. The quote Defendant later transmitted was prepared in the name of Ronald Harvey and reflects another person's age, residence address, and vehicle, none of which are Plaintiff's. To the extent any earlier subscriber of the Number had an established business relationship with Defendant,

that relationship did not extend to Plaintiff, who is the residential telephone subscriber protected by 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2).

22. On August 14, 2025, at 9:52 a.m. Arizona time, Plaintiff received an unsolicited telemarketing text message on the Number from telephone number 480-863-3378. The text message stated: "Hi Ronald it's Jack with Farmers. We quoted you a year ago, and your renewal is coming up! Interested in new quotes? Reply STOP to cancel." The message was transmitted over the telephone network to the Number and was received on Plaintiff's cellular telephone. Plaintiff did not recognize the sending number and had had no prior communication with it.

23. On February 26, 2026, at 10:36 a.m. Arizona time, Plaintiff received a second unsolicited telemarketing text message on the Number from the same telephone number, 480-863-3378, bearing content identical to the first message quoted above. The two messages were sent approximately six months apart and within the same twelve-month period. True and correct copies of the message thread are reproduced below and attached as Exhibit A.

24. Plaintiff's carrier records independently confirm both messages. The records of T-Mobile for the billing period August 13 through September 12, 2025 show an incoming text message to the Number from 480-863-3378 on August 14, 2025. The records for the billing period February 13 through March 12, 2026 show incoming text messages to the Number from 480-863-3378 on February 26, 2026 and February 27, 2026. True and correct excerpts of those records are attached as Exhibit C.

25. The excerpts attached as Exhibit C are limited to the portions of each statement that identify the account line, the text message activity at issue, and the

carrier's time-zone convention, with the account number redacted. The portions not reproduced consist of unrelated call, message, and data activity bearing on no allegation in this Complaint. The complete statements are in Plaintiff's possession and will be produced.

26. T-Mobile reports text message activity in Pacific Time, as stated on the face of the records, while Plaintiff's device displays Arizona time. Arizona does not observe daylight saving time. In August the two zones coincide, and the carrier entry for the first message reads 9:52 a.m., matching the time displayed on the device. In February the carrier's Pacific times are one hour behind Arizona time, so the carrier entries of 9:36 a.m. and 1:38 p.m. on February 26, 2026, and 2:38 p.m. on February 27, 2026, correspond to 10:36 a.m., 2:38 p.m., and 3:38 p.m. Arizona time as shown in Exhibit A.

27. The carrier records also confirm the sequence of the exchange. The second message was received at 9:36 a.m. Pacific, and the first outgoing message from the Number to 480-863-3378 was sent at 9:49 a.m. Pacific, thirteen minutes later. Both of the text messages on which this action is based were transmitted and received before Plaintiff sent any communication to Defendant or to the sender.




*Exhibit A, page 1*




*Exhibit A, page 2*

28. On or about February 27, 2026, after receiving the second message, Plaintiff asked Defendant to provide a copy of Defendant's internal do-not-call policy, any evidence in Defendant's possession of Plaintiff's alleged consent to

Defendant's telemarketing calls or text messages, and to place Plaintiff on Defendant's internal do-not-call list. Defendant did not provide its internal do-not-call policy in response. Plaintiff's carrier records reflect no further text message to the Number from 480-863-3378 after February 27, 2026.

29. Plaintiff thus received more than one telemarketing text message from or on behalf of Defendant within a twelve-month period.

30. Each text message was a "telephone solicitation" within the meaning of 47 U.S.C. § 227(a)(4), which defines that term as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person," and within the meaning of the materially identical definition at 47 C.F.R. § 64.1200(f)(15). Each message was initiated for the purpose of encouraging Plaintiff to purchase, for payment, insurance products and services sold by Defendant. The purpose of the initiation of each message is apparent from its context: Defendant is in the business of selling insurance, each message referenced a prior quote and an upcoming renewal and offered "new quotes," and Plaintiff's response produced a Farmers Insurance automobile quote from Defendant the same day.

31. 47 C.F.R. § 64.1200(e) makes the rules set forth in paragraphs (c) and (d) of that section applicable to any person or entity making telephone solicitations or telemarketing calls or text messages to wireless telephone numbers, to the extent described in the Federal Communications Commission's Report and Order, CG Docket No. 02-278, FCC 03-153. Under that Order, a wireless subscriber may register the subscriber's number on the National Do Not Call Registry, and a wireless number so registered is treated as a residential telephone number for

purposes of those rules. The Commission has since codified that text messages are included within the National Do Not Call Registry's protections. The Number is a wireless telephone number registered on the Registry, and the messages at issue were text messages sent for telemarketing purposes.

32. Although the messages were addressed to "Ronald," they were transmitted to and received by Plaintiff as the subscriber and regular user of the Number. Plaintiff did not solicit, invite, or respond to either message before receiving it.

33. Only after both text messages had already been transmitted and received, and solely in order to identify the entity responsible for sending them, Plaintiff responded to the sender, who agreed to email insurance quotes. Later the same day, a Farmers Insurance automobile quote was emailed in response. A true and correct copy of the quote is attached as Exhibit B. The quote is headed "Farmers Auto quote summary," bears quote number 1772141532314093, and was prepared by the "John Grebin Agency." It identifies agent John Grebin, license number 18348590, his Farmers agent email address jgrebin@farmersagent.com, and agency telephone number (480) 863-3261. It states that coverages are provided by entities that are part of the Farmers Insurance Group of Companies. The quote is prepared for "Ronald Harvey," age 66, at a risk address in Mesa, Arizona, for a vehicle Plaintiff does not own and has never owned.

34. The quote confirms that the text messages were sent by or on behalf of Defendant to solicit the purchase of Defendant's Farmers Insurance products. Defendant initiated the text messages, or directed and authorized their transmission. In the alternative, if the messages were transmitted by a third-party lead generator or

telemarketing vendor, that vendor acted with Defendant's actual and apparent authority. Defendant authorized the use of the "Farmers" name in the messages; the sender routed Plaintiff directly to Defendant; and Defendant ratified the solicitations by knowingly accepting their benefits, preparing and transmitting a Farmers Insurance quote bearing Defendant's agency name, its agent's name, his Farmers agent email address, and his agent license number.


FARMERS INSURANCE

Farmers® Auto quote summary

John Grebin Agency
John Grebin
License # - 18348590
jgrebin@farmersagent.com
(480) 863-3261

| Quote number | Prepared for | Effective dates | Risk address |
| --- | --- | --- | --- |
| 1772141532314093 | Ronald Harvey | Mar 5, 2026 - Sep 5, 2026 | 2644 S Los Altos Mesa, AZ 85202 |

| Coverage for others | Bodily injury liability | Property damage | Monthly premium |
| --- | --- | --- | --- |
| | $50,000/$100,000 | $50,000 | $66.66 |
| Coverage for you | Coverage | Limit | |

*Excerpt from Exhibit B (Farmers Auto quote summary, page 1)*

35. Defendant had the right to control, and did control, the manner and means of the solicitations sent on its behalf, including the content of the messages, the identification of Defendant's agency as the source of the resulting insurance quote, and the routing of responding consumers to Defendant. The agency relationship alleged above existed before the messages were sent, and Defendant's ratification of the solicitations rests on that pre-existing relationship.

36. Both text messages were telemarketing solicitations sent by or on behalf of Defendant—a Farmers Insurance agency—advertising Defendant's insurance products and quoting services.

37. Plaintiff has never held an insurance policy issued by or through Defendant, has never held any policy issued by any Farmers Insurance entity, and

had no policy with Defendant that was subject to renewal. The messages were not sent to service or administer any existing policy. They were initiated for the purpose of encouraging Plaintiff to purchase insurance sold by Defendant, as the offer of "new quotes" reflects.

38. Plaintiff never invited, gave permission for, or consented to receive telemarketing text messages from Defendant, and had no established business relationship with Defendant. The Number was registered on the National Do Not Call Registry at the time each message was received.

39. In addition to causing statutory damages, these illegal text messages caused annoyance, intrusion upon Plaintiff's privacy and seclusion, and wasted Plaintiff's time.

## CLASS ALLEGATIONS

40. **Class Definition.** Plaintiff brings this action pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3) on behalf of himself and the classes defined as follows:

> **DNC Class:** All persons in the United States whose telephone numbers were registered on the National Do Not Call Registry for at least 31 days and to whom Defendant, or some person or entity acting on Defendant's behalf, sent two or more telemarketing text messages within any twelve-month period during the four years preceding the filing of this Complaint through the date of class certification.

> **Internal DNC Class:** All persons in the United States to whom Defendant, or some person or entity acting on Defendant's behalf, sent two or more telemarketing text messages within any twelve-month period during the four years preceding the filing of this Complaint through the date of class certification.

41. Also excluded from the Classes are all persons who, according to Defendant's records, purchased a policy or other product or service from or through Defendant within the eighteen months preceding the text message at issue, or who submitted an application to or requested a quote from Defendant within the three months preceding that message. The following persons are also excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their immediate families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, and its current or former employees, officers, and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

42. **Numerosity.** The exact number of Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant sent text messages to many consumers whose telephone numbers were registered on the Do Not Call Registry. Members of the Class can be identified through Defendant's records.

43. The records identifying the members of the Classes, including the telephone numbers to which Defendant or those acting on its behalf sent telemarketing text messages, are within Defendant's possession, custody, or control, or within the control of the vendor or vendors acting on Defendant's behalf.

44. **Typicality.** Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages

arising out of Defendant's uniform wrongful conduct in sending unsolicited telemarketing text messages to telephone numbers registered on the Do Not Call Registry.

45. Plaintiff did not solicit, invite, request, or consent to either of the text messages at issue, and did not enroll in, sign up for, or subscribe to any program, list, or service of Defendant. Both messages were transmitted by or on behalf of Defendant and received by Plaintiff before Plaintiff sent any communication to Defendant or to the sender. Plaintiff's claims arise from the same course of conduct as those of the other members of the Classes, and rest on the same legal theories.

46. **Adequate Representation.** Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class. Plaintiff has retained competent counsel to prosecute this case on behalf of Plaintiff and the proposed Class. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

47. **Policies Generally Applicable to the Class.** This class action is appropriate for certification because Defendant has acted on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole.

48. **Commonality and Predominance.** There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions

predominate over any questions that may affect individual members. Common questions include, but are not limited to:

49. Whether Defendant had an established business relationship with any member of the Classes can be determined from Defendant's own business records without individualized inquiry. An established business relationship for purposes of telephone solicitations requires a purchase or transaction within the eighteen months preceding the call, or an inquiry or application within the three months preceding the call. 47 C.F.R. § 64.1200(f)(5). Defendant is a single insurance agency, not a mass retailer conducting anonymous cash transactions, and it maintains records identifying every person to whom it has issued a quote, sold a policy, or provided services, together with that person's name and telephone number, in its agency management system and in the records it maintains in connection with its appointment as an insurance agency. Those records permit a systematic, class-wide determination of established business relationship status by comparison against the list of numbers to which Defendant sent telemarketing text messages.

50. Prior express invitation or permission, and any established business relationship, are affirmative defenses on which Defendant bears the burden of proof. Plaintiff need not plead or prove their absence as an element of either claim.

51. To the extent any defense is shown to require individualized proof as to some members of a Class, Plaintiff will seek certification of particular issues under Federal Rule of Civil Procedure 23(c)(4) or of subclasses under Rule 23(c)(5).

i. Whether Defendant sent text messages to telephone numbers registered on the National Do Not Call Registry;

ii. Whether Defendant's conduct was willful and/or knowing;

iii. Whether Defendant obtained prior express invitation or permission, or had an established business relationship, before sending text messages to Plaintiff and the members of the Class; and

iv. Whether members of the Class are entitled to treble damages based on the willfulness or knowingness of Defendant's conduct.

v. Whether the person or entity that transmitted the text messages did so as Defendant's agent, with Defendant's actual or apparent authority, or with Defendant's ratification;

vi. Whether a text message is a "telephone call" within the meaning of 47 U.S.C. § 227(c)(5), and whether each message was a "telephone solicitation" as defined by 47 C.F.R. § 64.1200(f)(15); and

52. **Superiority.** Class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, as joinder of all parties is impracticable. The damages suffered by individual Class members will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain individual litigation, a class action is preferable because individual litigation would increase the delay and expense to all parties. A class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court.

**<u>FIRST CAUSE OF ACTION</u>**
**Violation of 47 U.S.C. § 227(c)**
***Do Not Call Registry — 47 C.F.R. § 64.1200(c)(2)***
<u>(On behalf of Plaintiff and the DNC Class)</u>

53. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

54. The telephone numbers of Plaintiff and the DNC Class were registered on the National Do Not Call Registry for at least 31 days before each text message at issue was sent.

55. Defendant, and persons acting on its behalf, sent telemarketing text messages to Plaintiff's and DNC Class members' DNC-registered telephone numbers without their prior express invitation or permission and without any established business relationship.

56. The foregoing acts and omissions of Defendant constitute multiple violations of the TCPA, 47 U.S.C. § 227(c), by making telemarketing solicitations to telephone numbers listed on the National Do Not Call Registry. 47 C.F.R. § 64.1200(c)(2).

57. Defendant's text messages were sent for a commercial purpose—namely, to solicit the purchase of Defendant's insurance products and services.

58. Plaintiff is entitled to an award of actual monetary loss from each such violation, or up to $500 in damages for each such violation, whichever is greater, pursuant to 47 U.S.C. § 227(c)(5)(B).

59. Plaintiff is entitled to an award of up to $1,500 in damages for each knowing or willful violation pursuant to 47 U.S.C. § 227(c)(5).

60. Plaintiff also seeks a permanent injunction prohibiting Defendant and its agents from making telemarketing solicitations to telephone numbers listed on

the National Do Not Call Registry without the recipient's prior express invitation or permission.

**SECOND CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227(c)**
**Internal Do-Not-Call Requirements — 47 C.F.R. § 64.1200(d)**
(On behalf of Plaintiff and the Internal DNC Class)

61. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

62. 47 C.F.R. § 64.1200(d) provides that no person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity "has instituted procedures for maintaining a list of persons who request not to receive such calls made by or on behalf of that person or entity." The procedures must meet the minimum standards prescribed by 47 C.F.R. § 64.1200(d)(1) through (d)(6), which require a "written policy, available upon demand, for maintaining a do-not-call list"; that personnel engaged in any aspect of telemarketing "be informed and trained in the existence and use of the do-not-call list"; that do-not-call requests be recorded at the time they are made and honored within a reasonable time not exceeding ten business days; that callers identify themselves as described below; and that do-not-call requests be honored for five years.

63. The minimum standards prescribed by 47 C.F.R. § 64.1200(d), including the identification requirements of § 64.1200(d)(4), were promulgated under 47 U.S.C. § 227(c), which directs the Commission to protect the privacy rights of residential telephone subscribers and to consider company-specific do-not-call systems. They were not promulgated under 47 U.S.C. § 227(d), which governs

technical and procedural standards for systems used to transmit artificial or prerecorded voice messages and which is implemented by 47 C.F.R. § 64.1200(b). The private right of action conferred by 47 U.S.C. § 227(c)(5) therefore reaches violations of 47 C.F.R. § 64.1200(d), including subsection (d)(4).

64. Defendant initiated telemarketing text messages to Plaintiff and to members of the Internal DNC Class, each of whom is a residential telephone subscriber.

65. Defendant had not instituted the procedures required by 47 C.F.R. § 64.1200(d) at the time the text messages were sent. Defendant did not maintain a written policy for maintaining an internal do-not-call list, did not make any such policy available upon demand, did not train the personnel engaged in its telemarketing on the existence and use of any internal do-not-call list, and did not record or honor do-not-call requests.

66. That Defendant sent a second, materially identical telemarketing text message to the Number approximately six months after the first, to a number that had been continuously registered on the National Do Not Call Registry throughout that period, supports the inference that Defendant had instituted no procedures for maintaining or honoring an internal do-not-call list and did not consult the Registry before sending either message.

67. 47 C.F.R. § 64.1200(d)(1) requires that the written do-not-call policy be "available upon demand." Plaintiff demanded a copy of Defendant's internal do-not-call policy, as set forth above. Defendant did not provide one.

68. Plaintiff's request that he be placed on Defendant's internal do-not-call list was a do-not-call request within the meaning of 47 C.F.R. § 64.1200(d)(3).

Defendant was required to record that request at the time it was made and to honor it within a reasonable time not exceeding ten business days.

69. The obligations imposed by 47 C.F.R. § 64.1200(d) apply without regard to whether the recipient's telephone number is registered on the National Do Not Call Registry, and without regard to whether the caller has an established business relationship with the recipient.

70. Under 47 C.F.R. § 64.1200(d)(3), where do-not-call requests are recorded or maintained by a party other than the person or entity on whose behalf the call is made, "the person or entity on whose behalf the call is made will be liable for any failures to honor the do-not-call request." Defendant is therefore liable for the failures of any vendor acting on its behalf.

71. 47 C.F.R. § 64.1200(d)(4) further requires that a person or entity making a call for telemarketing purposes provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which that person or entity may be contacted.

72. Neither text message satisfied that requirement. Each identified only the first name "Jack" and the brand name "Farmers." Neither identified Grebin Agency Inc., the John Grebin Agency, or any other entity on whose behalf the message was sent, and neither provided any telephone number or address at which such an entity could be contacted.

73. The identification "Jack with Farmers" is insufficient for three independent reasons. "Farmers" is a trade name rather than the legal name of any person or entity, and the Federal Communications Commission has determined that

use of a trade name does not satisfy the identification requirement unless the legal name of the business is also stated. The messages identified no telephone number or address at which any entity could be contacted. And the messages left ambiguous whether "Farmers" referred to Defendant, to its individual agent, or to one of the Farmers Insurance corporate entities.

74. Because neither message identified the entity on whose behalf it was sent or provided any telephone number or address, Plaintiff could not direct a do-not-call request to the responsible entity upon receiving the messages. Plaintiff's injury arises from the receipt of the unsolicited telemarketing text messages themselves; the identification failures described above are additional violations arising out of those same messages.

75. Plaintiff and each member of the Internal DNC Class received more than one telephone call or message within a twelve-month period by or on behalf of Defendant in violation of the regulations prescribed under 47 U.S.C. § 227(c), and are therefore entitled to relief under 47 U.S.C. § 227(c)(5).

76. Plaintiff is entitled to an award of actual monetary loss from each such violation, or up to $500 in damages for each such violation, whichever is greater, pursuant to 47 U.S.C. § 227(c)(5)(B), and to an award of up to three times that amount for each knowing or willful violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff JASON CREWS, individually and on behalf of the Class, respectfully prays for the following relief:

A. An order certifying the Classes as defined above, appointing Plaintiff JASON CREWS as the Class representative, and appointing Plaintiff's counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227(c) of the TCPA;

C. An injunction requiring Defendant to cease all unlawful text message solicitations without the recipient's prior express invitation or permission, and otherwise protecting the interests of the Class;

D. An award of statutory damages of up to $500 per violation, and up to $1,500 per knowing or willful violation, pursuant to 47 U.S.C. § 227(c)(5);

E. An award of costs and, to the extent permitted by law, reasonable attorneys' fees, including from any common fund or pursuant to Federal Rule of Civil Procedure 23(h); and

F. Such other and further relief as the Court deems reasonable and just.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: September 22, 2026

By: /s/ Dallin B. Holt
Dallin B. Holt (AZ Bar No. 037419)
Frazier Law PLLC
7702 E. Doubletree Ranch Road,
Suite 300
Scottsdale, AZ 85258
Tel: (480) 691-0975
Email: dholt@frazierlawpllc.net
*Attorney for Plaintiff and the Putative Class*